UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS APPRENTICESHIP**
**AND TRAINING FUND, BUILDING & PUBLIC**
**WORKS LABORERS VACATION FUND, and**
**JOHN J. SCHMITT (in his capacity as Trustee),**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

            Plaintiffs,

  v.                                        Case No.  20-CV-507

**UNI-PUMP, INC.**

            Defendant.
_____

**COMPLAINT**
_____

**NOW COME** the Plaintiffs, by their attorney, Philip E. Thompson, and as and for a cause of action against the Defendant, allege and show to the court the following:

**Jurisdiction and Venue**

1. Jurisdiction of this Court upon Uni-Pump, Inc. ("Uni-Pump") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby

violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiff Wisconsin Laborers Funds are administered within this district with offices located in Dane County, Wisconsin.

### Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Scott J. Redman is a trustee and fiduciary of the Building Trades United Pension Trust Fund and as such has standing to be a plaintiff in this action. Mr. Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. Plaintiffs Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship and Training Fund, and Building & Public Works Laborers Vacation Fund (collectively with the Building Trades United Pension Trust Fund, the "Funds") are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this

action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6. Plaintiff John J. Schmitt is a trustee and fiduciary of the Wisconsin Laborers' Health Fund and as such has standing to be a plaintiff in this action. Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

7. Plaintiff Wisconsin Laborers District Council (hereinafter "Laborers Union") is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

8. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)), whose purpose is to address areas of common concern to labor and management in the construction industry. Said Plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

9. Defendant Uni-Pump, Inc. is a domestic corporation organization engaged in business with principal offices located at 3070 Helsan Dr. #D, Richfield, Wisconsin 53076. Its registered agent for service of process is Steven J. Bennet, 3070 Helsan Dr. #D, Richfield, Wisconsin 53076.

## Facts

10. Uni-Pump is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

11. For all times relevant, Uni-Pump was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Wisconsin Laborers District Council (hereinafter "Union").

12. The Union represents, for purposes of collective bargaining, certain Uni-Pump employees, and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

13. The Labor Agreements described herein contain provisions whereby Uni-Pump agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

14. By execution of said Labor Agreements, Uni-Pump adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

15. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Uni-Pump has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

d. to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

e. to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

f. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

g. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

16. Uni-Pump has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    A.    failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Uni-Pump's covered employees; and

    B.    failing to accurately report employee work status to the Plaintiffs.

17. ERISA § 502(g) (2), as amended by the MPPAA, provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
>     (A)    the unpaid contributions,
>
>     (B)    interest on the unpaid contributions,
>
>     (C)    an amount equal to the greater of --
>
>         (i)    interest on the unpaid contributions, or
>
>         (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>     (D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
>     (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

18. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

19.     Despite demands that Uni-Pump perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, and refused to allow access to the Funds' auditors to determine whether Defendant has made its required payments. Uni-Pump may be indebted to the Plaintiff Funds for the following period.

<u>Audit Period: January 1, 2016 to the Present:</u>

| | |
|---|---|
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Apprenticeship and Training Fund | Unknown |
| Building Trades and Public Works Laborers Vacation Fund | Unknown |
| Wisconsin Laborers District Council | Unknown |
| Wisconsin Laborers-Employers Cooperation and Education Trust Fund | Unknown |

20.     Despite demands from the Funds' auditors, Uni-Pump has denied the Funds' auditors access to books and records needed to compile an audit for the period January 1, 2016 to the present.

## Claim One - Against Defendant Uni-Pump, Inc., Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

21.     As and for a claim for relief against Defendant Uni-Pump, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 20 above and incorporate the same as though fully set forth herein word for word.

22.     Repeated demands have been made by the Plaintiffs upon Uni-Pump for access to its books and records for a compliance audit, but Defendant has refused to make such arrangements as are necessary for such an audit.

23.     Because, as the Plaintiffs are informed and believe, Uni-Pump has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Plaintiffs' trust funds is reduced, the Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.

Consequently, ERISA and the Plaintiffs' employee benefit plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

24. Because Uni-Pump has failed to make timely and prompt contributions, some of the Plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Uni-Pump:

    A. For unpaid contributions, interest, and liquidated damages owed to the Fund for the audit period January 1, 2016 through the present;

    B. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. An order requiring Uni-Pump to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Uni-Pump's accounts receivable. With respect to each account receivable, Uni-Pump shall itemize:

    A. The amount of each account receivable.

    B. The period of time during which such receivable accrued.

    C. The location of the premises upon which the work was performed.

    D. The nature of the improvement involved for which the account receivable is due.

      E.      The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Uni-Pump to fully submit to an audit of the company's books and records by the Funds' designated representatives for the period October 1, 2018 to the present.

4. The Court should retain jurisdiction pending compliance with its order.

5. For such other, further or different relief as the Court deems just and proper.

Dated this 2nd day of June, 2020.

s/Philip E. Thompson
Philip E. Thompson (SBN: 1099139)
Wisconsin Laborers' District Council
4633 LIUNA Way, Suite 101
DeForest, WI 53532
608-846-8242 (Telephone)
608-846-5460 (Fax)
Email: pthompson@wilaborers.org

Attorneys for Plaintiffs